## MRS. A. R. LAUDERDALE v. C. A. ROGERS et al.

Western Section. July 1, 1927.

Petition for Certiorari denied by Supreme Court, February 4, 1928.

1. **Appeal and error. Appellate court can not entertain original jurisdiction or notice of matters pending in Federal court.**
   While the case was in appellate court on appeal, a motion was filed to dismiss the appeal on the ground that the appellee had filed a voluntary petition in bankruptcy and failed to list this claim as an asset, held to entertain this motion would cause the appellate court to take original jurisdiction or notice of matters pending in the Federal court and that the court could not entertain the motion.

2. **Usury. Limitation of actions. Under section 3504 of Shannon's Code no action shall be brought on any claim for usury after two years.**
   In an action to recover for usury where the action was not brought until two years after a settlement was made between the parties, held that the action was barred by limitation.

3. **Usury. Settlement. Time of settlement determined.**
   In an action to recover for usury where the parties had had a settlement and the lender had accepted a farm from the borrowers in settlement, agreeing to take the land at a stated sum, and if, when surveyed, it should be found to contain more than 130 acres, to pay $200 per acre for the excess, held that in determining the time settlement was made, the time at which the settlement was consummated must govern and not the time when the survey of the farm was actually made.

Appeal from Chancery Court, Dyer County; Hon. V. H. Holmes, Chancellor.

Affirmed and remanded.

Latta & Latta, of Dyersburg, for appellant.

W. H. Ward, of Dyersburg, for appellee.

OWEN, J. Mrs. A. R. Lauderdale, a widow, and her son, W. W. Lauderdale, complainants, have appealed from a decree of the chancery court of Dyer county. Their bill was dismissed, defendant was taxed with the costs of the suit. The bill sought to recover a large amount of money alleged to have been paid as usury or usurious interest on several notes executed by the complainants for borrowed money. It appears that on January 11, 1916, Mrs. Lauderdale and her husband, who had died some years prior to the institution of complainants' suit, borrowed from the defendant $9,000 and executed

their note for $10,000, due one year after date. This note was in fact executed to the Citizens Bank and endorsed by the Citizens Bank without recourse to the defendant, but it was the defendant's money that was used in making the loan. Interest was paid on this note at the rate of ten per cent until the 1st day of November, 1921. It appears that W. W. Lauderdale was interested in a hardware company called the Forked Deer Hardware Company. W. W. Lauderdale was also interested in the Riverside Farm Company, and W. W. Lauderdale with his mother as surety borrowed considerable sums from the defendant, which sums were used in operating the hardware business and the farm. Said additional notes to that of the $10,000 note are as follows: A $2,000 note executed the 27th day of June, 1918, due twelve months after date, for which they received $1800. On February 24, 1920, they borrowed the sum of $2250, for which sum they executed a note for $2500, due in twelve months. This note was signed by the Riverside Farm Company and complainants. On March 30, 1921, they borrowed $450, executing a note for the sum of $500, due at one year after date. This note was signed by the Riverside Farm Company and by complainants. On April 7, 1920, they borrowed from the defendant $8750, for which they executed a note for $9843.75. This note was signed by complainants and D. L. Craig and L. L. Craig. It appears that D. L. Craig was interested in said Forked Deer Hardware Company and L. L. Craig was the mother of D. L. Craig. That on April 5, 1921, they executed two notes to defendant, each due November 15, 1921, said notes being for $2104.25 and $1,595.75. These two notes were signed by complainants and D. L. Craig. On March 14, 1922, they executed a note to defendant for the sum of $1,507.28. This note was due May 8, 1922. All of these notes were made exhibits to complainants' bill. Complainants further averred that on or about the 29th day of March, 1923, they had a settlement with the defendant and in order to pay off and discharge all the above obligations the complainant, Mrs. A. R. Lauderdale, being the owner of a tract of land consisting of about 130 acres, conveyed said land to C. A. Rogers at the price of $200 per acre. The tract of land was not sufficient to pay all of defendant's notes or demands, and at the time of said settlement complainants executed a note to the defendant in the sum of $7,481.37, due December 21, 1923. This note was secured by a trust deed on a certain piece of real estate in the town of Dyersburg, Tennessee. After the execution of said last mentioned note and said trust deed D. L. Craig and his mother, Mrs. L. L. Craig, paid $2500 on said note for $7481.37. There was also given a credit for $107 as interest on the $2500 payment. Complainants retained the possession of the 130 acres of land conveyed to the defendant for the year 1923. The defendant was to receive

$1300 as rent for said land for the year 1923. At the time of the conveyance it was agreed that a survey should be made of the 130 acres and if the survey showed more than 130 acres the defendant was to pay for the excess over and above the 130 acres at the rate of $200 per acre. The survey was made and the 130 acres increased something more than six acres. Thereupon the defendant cancelled the $1300 rent note, satisfying said rent note by reason of the increase in acreage. The complainants allege that the trustee in said deed of trust executed in March, 1923 was advertising the house and lot and would sell the same to satisfy said note. It was alleged that this note was made up of usurious items and that there was in reality after all the notes were purged of usury nothing to defendant. An injunction was prayed and obtained enjoining the Citizens Bank, as trustee, from selling the property which had been conveyed to secure defendant. And the bill prayed that an accounting be had. Defendant be charged with all usurious payments. The defendant bank answered admitting it was trustee, but did not have any personal knowledge relative to the matters alleged in the bill. The defendant Rogers answered and admitted the execution of all of said notes and by way of defense alleged that on the 23rd day of February, 1923, the complainants by the sale of the said tract of land of 130 acres paid the balance in full of said $10,000 note, and of the $2,000 note dated June 27, 1918, and the note of $2500 dated February 24, 1920, and the $500 note dated March 20, 1920, and the note of $1595.75 dated April 5, 1921, and the note of $1507.28 dated March 14, 1922; that said notes were all canceled on February 23, 1923, and delivered by defendant to the complainants, and all seven of said notes were marked paid by sale of land as shown upon their face. It appears that the seven notes have written across the face of each "paid by sale of land." This is without any date. The defendant averred that at the time he purchased the tract of land to satisfy his debts due from complainants he was sick and had been for some time. That he was rather advanced in years and was in bad health. That he instructed his son, W. W. Rogers, and the complainant, W. W. Lauderdale, to figure the interest on all of said notes at the rate of six per cent per annum, and to take out all of the usury interest, as he did not want any usury in the transaction. That the settlement was made on the basis of six per cent per annum. That these notes at the time of the purchase of the land were in the hands of defendant's attorney, W. H. Ward, for collection, and that said Ward had made demand after demand upon the complainants, endeavoring to collect said notes, said notes providing for ten per cent attorney's fees, and that in the settlement with complainants and the purchase by defendant of said 130 acres of land, the complainants paid the defendant's attorney about one-half of his fee or about five per cent. The defendant further alleged

that this settlement having been made on February 23, 1923 was more than two whole years prior to complainants' bill being filed, which was on March 12, 1925. The defendant plead the statute of limitations of two years in bar of the complainants right to recover of any usury interest, and he relies upon the Act of 1911, chapter 429, of the Public Acts of the Legislature of Tennessee, which is found in Shannon's Code, section 3504 A. 1. The defendant as a further defense stated that on March 13, 1923 the defendant filed a bill in the chancery court of Dyer county against the Mercantile Bank & Trust Company, W. W. Lauderdale, and Mrs. A. R. Lauderdale, the complainants in the instant case, D. L. Craig and Mrs. Leslie L. Craig, seeking to set aside a conveyance the complainants, Mrs. A. R. and W. W. Lauderdale, had made to the Mercantile Bank & Trust Company as fraudulent. That writ of attachment issued according to the prayer of this bill on March 29, 1923, defendant was undertaking to collect his note executed at the time of the settlement, February 23, 1923. Thereupon a compromise was had wherein Mrs. Leslie Craig paid $2500 on said note. The Mercantile Bank & Trust Company released its interest in a certain house and lot in Dyersburg, Tennessee, and the complainant, Mrs. A. R. Lauderdale, executed a trust deed to secure the defendant for the amount due him, which by way of cross-bill he alleged to be $5272.55, and he asked by way of cross-bill that the trust deed be foreclosed. It appears that other litigation grew out of W. W. Lauderdale's farming interest and hardware interest, and other suits are referred to, but they become immaterial now as we view this record. The complainants took the deposition of W. W. Lauderdale. The defendant testified in his own behalf, and at the hearing the Chancellor dismissed complainants' bill, decreeing that there was due cross-complainant principal and interest $5784.17. He allowed cross-complainant's attorney, W. H. Ward, a fee of $250. It appears that by consent the property upon which complainants had given a trust had been sold for cash in the sum of $10,000 by J. C. Doyle, special commissioner, and the special commissioner was ordered to pay the amount decreed in favor of cross-complainant and $250 to cross-complainant's attorney. The defendant was taxed with the costs. The complainants excepted to this decree prayed and were granted an appeal to this court, perfected the same and have assigned three errors: First: The court erred in dismissing complainant's bill and dissolving the injunction; Second: The court erred in decreeing that the defendant Rogers was entitled to be paid the sum of $5784.17 out of the funds arising from the sale of the house and lot in Dyersburg; Third: The Court erred in allowing the complainants $250 as attorney's fee. The defendant has filed a motion to dismiss the appeal of W. W. Lauderdale because W. W. Lauderdale has filed a voluntary petition in bankruptcy in

the Federal court of the western district of west Tennessee, in which he listed all his creditors and also a schedule of his assets, and in this schedule he failed to mention the claim he is seeking to recover in the instant cause. This motion is denied. This is an appellate court and to entertain this motion would cause the court to take original jurisdiction or notice of matters pending in the Federal court at Memphis, Tennessee. We are of the opinion that if W. W. Lauderdale is entitled to recover in the instant case his appeal should not be dismissed, for the reason that he has become a bankrupt. That would be a matter to be settled by his trustee in bankruptcy. We will next consider the assignments of error. We find as a fact that the complainants executed the seven notes made exhibits to their bill. That they borrowed money from the defendant. That they paid him ten per cent interest from the date of the execution of the various notes to November, 1921. That no interest was paid after November, 1921. That on the 23d day of February, 1923, the complainants and the defendant made a settlement whereby the defendant purchased from the complainant, Mrs. A. R. Lauderdale, 130 acres of land at $200 per acre, with the proviso or agreement that said land should be surveyed and that he would pay for any excess of the 130 acres at the rate of $200 per acre. That there was a survey made later and that it was ascertained that 136.7 acres was in the tract and the defendant paid the sum of $1300 for this additional amount over and above the 130 acres. That this settlement took place more than two years before complainants filed their bill, which was filed March 12, 1925. Section 3504 of Shannon's Code provides that "If usurious interest has been paid, the same may be recovered by action, at the suit of the party from whom it was taken, or his representative; or it may be subjected by any judgment creditor of such party to the satisfaction of his debt." Section 3504 A 1. provides that "No action shall be brought on any claim for usury after two years from the date of the payment of the debt upon which such claim for usury shall be based." Complainant, W. W. Lauderdale, paid all the interest. He states that there was no usury in the last note he and his mother executed to the defendant. It is insisted by the learned counsel for complainants that the time of computing the final settlement should be from the time it was ascertained that there was more than 130 acres in the tract of land, which was within two years prior to the filing of complainants' bill. Complainants cannot maintain this position. They ascertained at the time of the final settlement, February 23, 1923, just what was due from them to the defendant. It appears that W. W. Lauderdale was very heavily involved. The defendant was sick, in bad health, and he was anxious to procure a settlement. In reaching this settlement with complainants and taking the 130 acres of land, at $200

per acre, the defendant testified that the land was only worth $150 an acre at that time, but he was anxious to surrender his notes executed by the complainants. There is no evidence to contradict the defendant as to the value of the land. Furthermore, complainants' attorney accepted five per cent for his services when he could have demanded ten per cent, according to the terms of the various notes executed, and when it was ascertained that there was an excess of six and seven-tenths acres of land, the complainants and the defendant agreed that the amount due for the excess, the six and seven-tenths acres of land, should liquidate the rent note for $1300, which complainants had agreed to pay for the use of the land for 1923. So we hold under the facts of this case that the statute of limitation of two years prevails. It results that we find no error in the decree of the Chancellor in dismissing complainants' bill and in sustaining the cross-complainant's bill and his decree is in all things affirmed. This cause will be remanded to the chancery court of Dyer county for the purpose of paying over to cross-complainant and his attorney, W. H. Ward, the amount decreed respectively in their favor in the lower court, together with interest on their respective decrees from the date the same was rendered in the lower court. W. H. Ward, Esq., has made an application in this court for an additional fee for his services. We are of opinion that this court is not the proper tribunal in which to make his application, but this is a matter that he can present to the Chancellor upon the remand of this cause, for the purpose of paying out the funds in the 'hands of the special commissioner, J. C. Doyle. The complainants and the surety on their appeal bond will pay all the costs of the appeal.

Heiskell and Senter, JJ., concur.