CRABB et al. v. COLE et al.

Middle Section.   March 30, 1935.

Petition for Certiorari denied by Supreme Court, June 29, 1935.

R. E. Dotson, of Pulaski, for appellants.
J. L. Jones, of Pulaski, for appellees.

CROWNOVER, J. The original bill in this cause was filed on October 4, 1933, by N. A. Crabb and wife, Willie Crabb, against Murel Cole, for the purpose of purging a note of usury and having an offset on account of said usury, and for injunction to restrain the foreclosure sale of their property mortgaged to secure said note.

Defendant answered and denied that he had charged usurious interest.

Complainants filed an amended and supplemental bill in which they calculated that the amount of their indebtedness on their notes, of which this $569.16 note is a renewal, with interest at the rate of 6 per cent., would amount to $341.57, and they alleged that they had tendered this amount to Murel Cole but he had refused to accept it. The bill further alleged that the original loan was made by J. W. Cole, father of Murel Cole, and that J. W. Cole is now dead; that he died intestate and is survived by two sons, Murel Cole and Carlos Cole; that Carlos Cole is deaf and dumb and, while not non compos mentis, is unable to attend to business affairs; that no administrator has been appointed to take charge of said estate and no one can be found who will administer on same, and that more than six months have elapsed since the death of J. W. Cole; that their several notes are one continuous transaction. And they prayed

that an administrator be appointed for the estate of J. W. Cole, deceased; that the note be declared usurious and be abated to the extent of its usury.

Defendants answered and alleged that this note was given to Murel Cole by J. W. Cole before his death, when said J. W. Cole made a division of his property between his two sons, Murel Cole and Carlos Cole, who were his only heirs; that Carlos Cole is of sound mind; that there is no need for the appointment of an administrator of the estate of said J. W. Cole; that complainants cannot maintain this bill because the amounts paid in usurious interest do not equal the amount borrowed; that there was a settlement made in 1932 and a new note and mortgage executed, which was a novation, and the statute of limitations of two years has run against any claim for usury on the old notes. The answer denies all charges of usury and all other allegations of the amended bill.

Complainants moved the court to appoint an administrator of the estate of J. W. Cole, deceased, but no action was taken on the motion.

A jury was demanded to try the cause.

The complainants submitted issues of fact, which the chancellor refused. Thereupon the chancellor submitted issues of fact to the jury. The following are the issues and the jury's answers thereto:

"Ques. 1. What amount is due on the indebtedness growing out of the note dated April 14th, 1932, and secured by deed of trust on certain real estate set out and described in the pleadings, executed by the complainants and payable to the order of Murel Cole?

"Ans.     496.03    due Cole.
          49.60    Fee
          _____
          545.63    Total indebtedness.

"Ques. 2. When did said indebtedness become due?

"Ans. Dec. 1st, 1932."

Decree was entered for $545.63, injunction dissolved, and the clerk and master appointed special commissioner to sell the land to satisfy said debt.

Complainants filed motions for a new trial and in arrest of judgment, which were overruled by the court, to which complainants excepted and appealed to this court, and have assigned errors, which are, in substance, as follows:

(1) The chancellor erred in submitting to the jury only the question whether usury was charged, and the amount of same, on the note executed April 14, 1932, payable to Murel Cole.

(2) The chancellor erred in refusing to submit to the jury the issues of fact tendered by complainants, which were as follows:

1. How much money did N. A. Crabb and wife, Willie A. Crabb, borrow from J. W. Cole on January 11, 1922, and how much did the

said Crabbs pay on this loan each year up to the time it was renewed, November 16, 1926?

2. What amounts of money made up the note of $569.16 executed by N. A. Crabb and wife, Willie A. Crabb, dated November 16, 1926, and due December 15, 1927?

3. What amount each year did N. A. Crabb and wife, Willie A. Crabb, pay on this note dated November 16, 1926, and due December 15, 1927?

4. Does the note dated April 14, 1932, and due December 1, 1932, represent a continuous transaction by and between J. W. Cole and his estate, beginning January 11, 1922, to the date of said note?

5. Does the note dated April 14, 1932, for $569.16 belong to the estate of J. W. Cole or to Murel Cole; if so, what is the source of Murel Cole's title to the same?

(3) The chancellor erred in excluding from the jury certain testimony of N. A. Crabb.

(4) The chancellor erred in failing to appoint an administrator ad litem for the estate of J. W. Cole, deceased.

(5) The chancellor erred in charging the jury that it should allow 10 per cent. attorney's fee.

(6) The court erred in refusing to admit testimony in regard to interest paid to J. W. Cole.

On January 11, 1922, N. A. Crabb borrowed some money from J. W. Cole, and he and his wife executed a note, payable to J. W. Cole, for $312, secured by a mortgage on 97 acres of land in Giles county. On the back of the note are entries showing that interest was paid to January 11, 1926.

On November 16, 1926, he borrowed some more money ($257.16) from J. W. Cole, and he and his wife executed a new note for $569.16 and a new mortgage to secure same on the same real estate.

One entry on the back of this note reads: "Interest $45.54 cents." Other entries show interest paid to November 16, 1931.

J. W. Cole died intestate on July 26, 1930.

On April 14, 1932, Murel Cole, son of J. W. Cole, procured Crabb and wife to execute a new note for $569.16, payable to Murel Cole, and a new mortgage to secure same, payable to Murel Cole, trustee.

On May 28, 1932, N. A. Crabb and his son, S. C. Crabb, executed a note payable to Murel Cole, for $56.28, secured by a mortgage on their crop. Notations on the back of this note show payments of $54.26.

On April 29, 1933, Murel Cole executed a receipt to N. A. Crabb for $20 for "interest on real estate note for 1932."

N. A. Crabb testified about the different renewals of the original note, and payments of interest on these notes from 1922 to 1932, which tended to show that he had paid usury on the notes and the renewals; but the court, on exception, excluded all this testimony

about usury being paid on the old notes up to 1932. However, on redirect examination he testified, without objection, that he first borrowed $300 and agreed to pay 10 per cent. interest, and paid 10 per cent. for four years; that when he made the note for $569.16 it was agreed that he would pay 8 per cent. interest, which he paid; that the $56.28 chattel mortgage note was for $5.52 interest, and the rest for registering and making the mortgage to secure the $569.16. This testimony was not excluded.

Defendant Murel Cole testified that in 1928 his father, J. W. Cole, made a division of his property, giving him (Murel Cole) $1,200 in notes, including this note, and Carlos Cole $1,200 in money; that he has collected 6 per cent. interest on this note since it came into his hands; that he did not make the entry of "45.52" on the back of the note; that on April 14, 1932, Crabb executed a new note and mortgage. He denied that N. A. Crabb paid him $45 in the presence of Arthur Crabb, and stated they paid him $55 on two years' interest; and denied that he made calculations on a sheet of paper filed as an exhibit by Crabb, showing that 8 per cent. interest was charged. He testified that only $20 interest has been paid on the last note of $569.16; and that the total amount of principal, interest, and attorney's fee due on this note on October 4, 1933, was $682.41.

■ 1 and 2. Defendants contend that the note executed by Crabb and wife on April 14, 1932, payable to Murel Cole, was a novation. This note was clearly a novation of the debt. Both Crabb and Cole testified that a settlement of the debt was made on that date, a new note executed payable to Murel Cole, a new mortgage executed to Murel Cole, and the note of $56.28 made to pay the interest to that date and the cost of having the mortgage drawn and registered.

" 'Novation' is 'the substitution of a new obligation for an old one, which is thereby extinguished' (Bouvier's Law Dictionary), and the four essentials are well recognized to be (1) a previous valid obligation, (2) an agreement supported by evidence of intention, (3) extinguishment of the old contract, and (4) a valid new one." Peoples Bank of Clifton v. Russ, Wayne County Equity Opinion of the Supreme Court filed June 6, 1932, at Nashville (not published).

But "novation" does not cut off the right of the debtor to assert claims for usury contained in the original transactions.

"It is by the running of the statute of limitations that this right is cut off, and the question of whether or not a novation, or payment, or a final settlement in any conclusive form, has taken place at a given time is important only as fixing the date of the setting in motion of the statute. . . .

"A binding novation extinguishes the former obligation and is generally held to have the effect of payment. The general rule is

thus stated in 46 C. J., 618, 619, citing many cases: 'Since the purpose of a novation agreement is to discharge one obligation by the substitution of another, it necessarily follows that, where novation has been accomplished, the original obligation becomes thereby completely extinguished. . . . An obligation which is extinguished by novation is extinguished as to all parties connected with it, just and precisely as happens when an obligation is extinguished by payment or in any other way.' The statute of limitations is thereby set in motion, and the running of the two year statute would bar recovery. Shan. Code, section 4469a2, Acts of 1903, chapter 439, is as follows: 'No action shall be brought on any claims for usury after two years from the date of the payment of the debt upon which such claim for usury shall be based.' " Peoples Bank of Clifton v. Russ, supra.

The note dated November 16, 1926, payable to J. W. Cole, which was not settled until the execution of the note of April 14, 1932, was not barred by the statute. The statute begins to run from the date of a settlement following a series of usurious transactions. Slover v. Union Bank, 115 Tenn. 347, 89 S. W., 399, 1 L. R. A. (N. S.), 528; Russellville Bank & Trust Co. v. McGhee, 16 Tenn. App., 460, 478, 65 S. W. (2d), 202; Lauderdale v. Rogers, 6 Tenn. App., 26; Peoples Bank of Clifton v. Russ, supra.

This note of April 14, 1932, being a novation, the statute of limitations of two years (Code 1932, sec. 8597) began to run against the usury on the old debt on that date. The original bill in this cause was filed on October 4, 1933, therefore action for usury on the old debt was not barred.

The note of November 16, 1926, for $569.16 was a renewal of the note for $312, dated January 11, 1922. Therefore these two notes were one continuous transaction and the statute had not begun to run against the usury on the old note of January, 1922. Hayes v. Bank of Lewisburg (Tenn. Ch. App.), 39 S. W., 753, 755.

Defendants contend that the claim for usury does not survive against the son of J. W. Cole. But the right to recover usury survives against the estate of the usurer. Chandlee v. Tharp, 161 Miss. 623. 137 So. 540, 78 A. L. R. 445. A renewal made to an heir at law, who, without administration, takes possession of his ancestor's choses, and receives renewal obligations, is subject to the defense of usury as fully as if made to the lender himself. Van Ausdal v. Potterf, 41 Ohio St., 677; 66 C. J., 261, note 14(a).

"The mere renewal of a usurious obligation will not purge the debt of its taint of usury even though the renewal takes the form of an original loan; hence, such renewal is itself usurious, as merely a new form of the same obligation. . . . The original usury descends with the original consideration along the whole line and the last is no better than the first. The introduction of a new con-

sideration in the form of an additional loan will not purge the obligation of its taint where part of the new security is based upon the usurious transaction.'' 66 C. J., 258, 259, section 222; Turner v. Odum, 3 Cold., 455.

''In an action brought on a renewal note, all usurious interest charges on preceding notes, whether paid or incorporated in the renewal, must be deducted from the face of the renewal note in determining the amount to be recovered.'' 66 C. J., 265, sec. 235.

Therefore the chancellor erred in refusing to submit to the jury the question whether usury was charged on the debt prior to April 14, 1932, and complainants' assignment on this subject is sustained.

The assignment of error that the chancellor erred in refusing to submit to the jury the issues of fact submitted by complainants should have been sustained but for the fact that no exceptions were made to the chancellor's action at the time. Objections to the form of issues must precede final submission of the cause to the jury. Simmons v. Hart, 6 Tenn. Civ. App. (6 Higgins), 400; Hinton v. Insurance Co., 110 Tenn., 113, 72 S. W., 118. Hence this assignment of error must be overruled.

3. Complainants' next assignment complains of the fact that the court excluded certain evidence. Complainants did not except to the court's ruling when this testimony was excluded. In order that the ruling of the court below on the admission or exclusion of evidence may be assignable as error, objection must be made in such lower court at the proper time and an exception to the court's ruling taken and saved. Insurance Co. v. Scales, 101 Tenn., 628, 49 S. W., 743; Sahlien v. Bank, 90 Tenn., 221, 16 S. W., 373. Hence this assignment is not well made.

4. Complainants filed a motion for the appointment of an administrator, but it appears from the record that it was never acted on by the court. In such a case it must be considered as abandoned. Teasdale & Co. v. Manchester Produce Co., 104 Tenn., 267, 56 S. W., 853. However, the new note and deed of trust were executed to Murel Cole, and no administrator was necessary.

5. Complainants' next assignment of error is that the court erred in charging the jury that when they found the amount of the note, they should add 10 per cent. thereto for attorney's fee, as this was in violation of the Code, section 9100, which provides that persons taking usury shall pay all costs. This assignment is not well made. The charge was not preserved in the bill of exceptions and that portion of the charge complained of is not set out in the assignments of errors; therefore the assignment cannot be considered. Rhoton v. Burton, 2 Tenn. App., 164, 172.

It is contended by defendants that complainants cannot maintain this suit without paying the principal and legal interest.

Complainants in their amended bill offered to pay the amount due, into court, upon usury being deducted, which was sufficient. Usury can be set off against a claim (27 R. C. L., 273), or the court may purge the note of usury on bill filed for that purpose (66 C. J., 265).

Where material determinative issues are not submitted to the jury, it is the duty of the chancellor to disregard the verdict on immaterial issues and then proceed to decide the case on the testimony if the record is in condition to justify that course. Carpenter v. Wright, 158 Tenn., 289, 13 S. W. (2d), 51; Gibson's Suits in Chancery, section 549. But in this case the evidence about usury was confined to that paid on the last note and no issues were submitted to the jury on usury paid on the first note and renewals, and the record is not in condition to justify this court in passing on those matters; hence we are of the opinion that the judgment should be reversed and the cause remanded to the chancery court for a new trial on proper issues submitted to the jury.

"Where it appears that on the trial of the case in the lower court, testimony was offered by both sides, was improperly excluded by the trial judge and that the issues were evidently confused, causing embarrassment to both parties in the presentation and prosecution of their claims, such error was committed as to justify a reversal and a remand re-opening the case as to disputed evidence of damages." Newberry v. Hamblen County, 157 Tenn., 491, 492, 9 S. W. (2d), 700.

The cost of the appeal is decreed against Murel Cole, but the cost that accrued in the lower court will await the final determination of the cause.

Faw, P. J., and DeWitt, J., concur.