283 F.2d 257
 60-2 USTC P 9755
 O. D. BRATTON et al., Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
O. D. BRATION and Dorothy Bratton, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
J. Ross HOLCOMB, Jr., Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Frank A. CONKLING and Eula W. Conkling, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
James A. HOLCOMB and Lou H. Holcomb, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Nolah D. HOLCOMB, Respondent.
 Nos. 14062-14067.
 United States Court of Appeals Sixth Circuit.
 Oct. 31, 1960.
 
 Lowell W. Taylor, Memphis, Tenn. (Hubert A. McBride and John J. Doggett, Jr., Memphis, Tenn., on the brief), for O. D. Bratton.
 Arthur I. Gould, Dept. of Justice, Washington, D.C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson,-- A. F. Prescott and Arthur I. Gould, Attys., Dept. of Justice, Washington, D.C., on the brief), for Commissioner of Internal Revenue.
 Before MILLER, CECIL and WEICK, Circuit Judges.
 PER CURIAM.
 
 
 1
 The controversy here involves the tax consequences of distributions made to the shareholder-creditors of a closed corporation, upon its dissolution and liquidation. The shareholders were creditors in varying amounts for salaries and commissions owing to them by the corporation.
 
 
 2
 In the liquidation, the corporation undertook to distribute assets to its shareholders for their capital interests prior to the satisfaction of their claims as creditors. The corporation then handled the shareholders' claims as creditors by sellcertain its mill and related equipment and certain inventories in exchange for longterm, instalment, negotiable, interest bearing promissory notes of the purchasers secured by a mortgage on the property sold by the corporation to them. The corporation transferred the notes and mortgage to a bank with authority to collect the payments on the notes and make distribution to the shareholder-creditors. The purchasers assumed the indebtedness owing to the shareholder-creditors, but agreed to pay it only out of the instalments due on the notes. The shareholder-creditors released the corporation from said indebtedness and agreed to look to the notes secured by the mortgage.
 
 
 3
 The real dispute, between the parties, relates to the manner in which the notes should be treated for tax purposes. Taxpayers claim that the notes should not be considered as a distribution in cash and that they should be taxed only on the actual instalments paid on the notes as and when received by them from the bank. Taxpayers insist that the notes were never delivered to them and that they have neither title to or possession of the notes.
 
 
 4
 The Commissioner on the other hand maintains that the notes should be taxed at their full face value in 1952 at the time when they were transferred to the bank.
 
 
 5
 The Tax Court determined that the transfer of the notes to the bank was in reality for the benefit of the taxpayers and that the bank in collecting the instalment payments and distributing them to taxpayers was acting as their agent. The Tax Court further held that the notes should be taxed at their full face value at the time of the assignment to the bank since there was no proof that their fair value was any less, citing Loyer v. Commissioner, 6 Cir., 1952, 199 F.2d 452. The Tax Court further held that the value of the notes represented ordinary income to the taxpayers to the extent of the corporate indebtedness owing to them, and that any sums received in excess thereof were taxable as capital gains to the extent that they exceeded the basis for their shares of stock.
 
 
 6
 We think there was substantial evidence to support the findings of fact and conclusions of the Tax Court. They are binding on this Court unless clearly erroneous. Commissioner of Internal Revenue v. Spermacet Whaling & Shipping Co., 6 Cir., 281 F.2d 646.
 
 
 7
 The decisions of the Tax Court may be justified on another ground. Where the note of a third person is accepted by a creditor, it ordinarily operates as a payment and discharge of the indebtedness. Southworth v. Thompson, 1872, 57 Tenn. 10, 17; Union Bank of Tennessee v. Smiser, 1953,33 Tenn. 501. Our case is stronger because the shareholder-creditors here actually released the corporation and agreed to look solely to the notes for the payment of their indebtedness. There was a substitution of a new debtor in the place of an old one and this constituted a novation. Russell v. Centers,153 Ky. 469, 473, 155 S.W. 1149; Crabb et al. v. Cole, 19 TennApp. 201, 84 S.W.2d 597.
 
 
 8
 The decisions of the Tax Court are affirmed.