Scruggs *v.* Heiskell.

## SCRUGGS *v.* HEISKELL.

(*Knoxville.*  October 17, 1895.)

1. CHANCERY PRACTICE.  *Weight of verdict of jury.*

Where a chancery cause is tried by a jury demanded by a party, the verdict has the same force and effect as a verdict in a law cause, and will not be disturbed on appeal, if there is any material evidence to support it.  (*Post, p. 457.*)

Cases cited and approved: Toomey *v.* Atyoe, *ante,* p. 373; Insurance Co. *v.* Norment, 91 Tenn., 1; Sparta *v.* Lewis, 91 Tenn., 370; Railway Co. *v.* Mahoney, 89 Tenn., 312; Eller *v.* Richardson, *Ib.,* 576.

2. VERDICT.  *Presumed correct in absence of bill of exceptions.*

The verdict of a jury in a chancery cause is conclusively presumed to have been justified by the evidence when there is no bill of exceptions.  (*Post, p. 457.*)

Cases cited and approved: State *v.* Hawkins, 91 Tenn., 140; Railway *v.* Foster, 88 Tenn., 671.

---

### FROM MONROE.

---

Appeal from Chancery Court of Monroe County. T. M. McCONNELL, Ch.

P. B. MAYFIELD, McCROSKEY & PEACE for Scruggs.

SAM EPPS YOUNG, D. C. YOUNG, and HUNT & KINSER for Heiskell.

CALDWELL, J. In June, 1888, Mrs. Mary W. Heiskell, a widow lady, died, intestate, at her residence in Monroe County, leaving Margaret C. Scruggs and J. M. Heiskell, her children, as her only heirs and distributees. In July, 1889, her son, J. M. Heiskell, obtained letters of administration upon her estate, and, in July, 1891, he made what purported to be a final settlement of the estate in the County Court. Thereafter, in May, 1892, Margaret C. Scruggs, the daughter, and her husband filed the bill in this cause to surcharge and falsify that settlement, and for a general account of the matters of administration. The administrator answered the bill, insisting upon the correctness of his settlement, and denying the right of complainants to any relief against him.

In the progress of the cause the defendant demanded, and was granted, a jury to try certain issues of fact made up and submitted under the direction of the Court. Code (M. & V.), § 5218. The jury found all the issues, so submitted, in favor of the defendant, and the Chancellor, hearing the cause finally, pronounced a decree for the defendant "in accordance with the verdict," as to all matters involved in the issues submitted to the jury, and, with respect to two small matters of interest, not so involved, he pronounced a decree in favor of the complainants.

Not being satisfied with the decree, the complainants have appealed to this Court, and here assail as

erroneous the action of the Chancellor in failing to charge the defendant with two promissory notes for $700 and $413, respectively, which he executed to his intestate in her lifetime.

The defendant admitted that he executed the two notes in question, but averred that his mother, before her death, made a gift of the former to his wife and of the latter to himself, for reasons stated. Whether or not the gifts were so made, was a question submitted to the jury in issues three and four, and the jury responded in the affirmative as to both notes. That response of the jury has the "same force and effect" as a verdict in a trial at law (Code (M. & V.), § 5218; *Toomey* v. *Atyoe Bros. & Co.*, *ante*, p. 373), and will not be disturbed in this Court if there is any material evidence to sustain it. *Insurance Co.* v. *Norment*, 91 Tenn., 1; *Sparta* v. *Lewis*, *Ib.*, 370; *Railway Co.* v. *Mahoney*, 89 Tenn., 312; *Eller* v. *Richardson*, *Ib.*, 576.

When we come to consider the question as to whether or not such evidence was before the jury in this cause, we are confronted by the fact that no bill of exceptions was preserved in the Court below, and that the transcript before us fails to show what evidence the jury heard.

In the absence of a bill of exceptions showing the evidence submitted to the jury, this Court will presume, conclusively, that it justified the verdict. *State* v. *Hawkins*, 91 Tenn., 140; *Railway Companies* v. *Foster*, 88 Tenn., 671.

Affirm the decree.