## G. B. Minton *v.* J. Morgan Wilkerson *et al*

## (*Nashville.*   December Term, 1915.)

1. **EQUITY.   Practice.   Special issues.**

Generally, when in an equity case there are several issues of fact
submitted to a jury, they must find on all or none, and a verdict
on one or more is not valid.   (*Post, pp.* 486, 487.)

Cases cited and approved:   Cooper v. Maddox, 34 Tenn., 135; Berry
v. Wallen, 1 Tenn., 186; Auncelme v. Auncelme, Cro. Jac., 31.

Code cited and construed:   Sec. 4240 (S.).

2. **EQUITY.   Practice.   Special issues.**

In a suit to recover complainant's alleged interest in the estate of
his wife, where he attacked the validity of his release of the
same, and the jury, to which special issues of fact were submitted,
found in favor of the validity of the release, but failed to find
on issues as to separation of complainant and his wife presented
by defendants, the failure is immaterial and will not deprive
defendants of a decree in their favor.   (*Post, pp.* 487, 488.)

Cases cited and approved:   Sears v. Sears, 45 Tex., 557; Coons v.
Lain (Tex. Cir. App.), 168 S. W., 981; Brown v. Milwaukee, etc.,
Co., 148 Wis., 98; Columbia Power Co. v. City Mills Co., 114 Ga.,
588.

3. **APPEAL AND ERROR.   Review.   Findings.**

Where complainant did not move for a new trial and preserve the
evidence in a bill of exceptions, the finding of the jury against
him on issues submitted in an equity case must be deemed by
the appellate court as warranted by the evidence.   (*Post, p.*
488.)

Case cited and approved:   Scruggs v. Heiskell, 95 Tenn., 455.

## FROM DAVIDSON

Error to the Chancery Court of Davidson County—
Jno. Allison, Chancellor.

W. D. Covington and H. A. Luck, for complainant.

Samuel N. Harwood and Frank P. Bond, for defend-
ants.

Mr. Justice Williams delivered the opinion of the
Court.

The bill of complaint was filed by Minton by next
friend, against the administrator of the estate of com-
plainant's wife, to recover the sum of $4,000 left by
that decedent, basing the claim on marital right. The
bill set forth that Minton was of such unsound mind as
to be incapable of transacting business; that three days
after the death of complainant's wife, defendant Wil-
kerson, her brother, accompanied by an attorney, vis-
ited him while he was confined to his bed as a helpless
invalid; that his mind, by reason of sickness and a con-
stant use of drugs, was weakened so that he was incapa-
ble of understanding the nature of the transaction;
that he was caused by these visitors to execute a re-
lease of his interest in the estate of his wife, which re-
lease was impeached for fraud and prayed to be an-
nulled as void.

The defendants answered, denying that the release
was fraudulent, and setting forth acts of violence to,
and of ill treatment and personal abuse by complainant
of, his wife in her lifetime, which had caused her to

leave and live separate from him, and that the fund sought to be recovered was acquired after such separation, which was not followed by a reunion. The defense was pitched on the provisions of Code (Shannon) sec. 4240, as construed in *Cooper* v. *Maddox*, 2 Sneed (34 Tenn.), 135, 149.

The case was tried before a jury on issues of fact submitted.

Complainant submitted five issues, all of which related to the validity of the release, and in responses made to all of them the jury found against complainant and in favor of the validity of the release.

The defendants submitted eight issues, relating to a separation and the cause thereof, and to the dates when the fund was acquired. To some of these issues of the defendants the jury replied, "We cannot agree."

The complainant moved for a decree *non obstante veredicto*, which motion was denied, and then that a mistrial be entered, which motion was also refused.

The defendants moved for a decree in their favor upon the verdict, which the chancellor declined, and they have sued out writs of error and *certiorari* to review the rulings of the chancellor.

A basic contention of the complainant is that because the jury reported their disagreement on certain of defendants' issues, the verdict was vitiated, and no relief in behalf of defendants can be predicated on it. In our view the solution of this question is decisive of the case.

The general rule undoubtedly is that when in an equity case there are several issues of fact submitted to

a jury, they must find all or none, and may not find on one or more and disagree on another and the verdict be valid. *Berry* v. *Wallen,* 1 Overton (1 Tenn.), 186; *Auncelme* v. *Auncelme,* Cro. Jac., 31; 11 Enc. Pl. & Pr., 710.

However, the failure of the jury in an equity case to agree upon or respond to an issue which is *ab initio* immaterial (38 Cyc., 1924), or which becomes immaterial in view of the finding on other issues (independent of and not in conflict with the one unresponded to), does not vitiate the verdict, when taken as a whole, the findings are sufficiently comprehensive to support a decree which properly disposes of the whole case. *Sears* v. *Sears,* 45 Tex., 557; *Coons* v. *Lain* (Tex. Civ. App.), 168 S. W., 981; *Brown* v. *Milwaukee, etc., Co.,* 148 Wis., 98, 133 N. W., 589; *Columbus Power Co.* v. *City Mills Co.,* 114 Ga., 558, 40 S. E., 800.

The case last cited, an equitable action in relation to a backflow of water, was submitted to a jury upon special issues, upon which judgment was rendered for defendant. Two issues were presented by plaintiff respecting the natural and present head and fall on the property of defendant, to each of which the jury answered, "We do not know." The defendant submitted an issue as to its prescriptive right to backflow the lands, which was found in its favor. The court, on appeal, held that:

"The answer with respect to the prescriptive right of the Mills Company was conclusive of the whole case, and sufficient, in and of itself, to defeat the plaintiff's action."

—and that the other issues were rendered immaterial.

So, in the case under consideration, it may be admitted that defendants' issues, not agreed on or properly replied to, would have been material had the jury not held against complainant on the issues submitted as to the validity of the release. But any cause of action, when or if conceded to exist, was found to have been satisfied and released, and the essential foundation for a decree on the merits was afforded by the findings. The issues as to that may well be termed the paramount issues in such case. The other issues became immaterial, if the issues as to payment or release were based on adequate proof.

The complainant did not move for a new trial and preserve the evidence in a bill of exceptions, and therefore the finding of the jury on such issues must be deemed, by us on appeal, to have been justified by the evidence. *Scruggs* v. *Heiskell,* 95 Tenn., 455, 32 S. W., 386.

The chancellor was in error in not responding to defendants' motion by decreeing in their favor on the findings. Reversed, with remand to the lower court for proceedings in accord herewith.