COOKSEY v. SHANKS.—136 S. W. (2d) 57.

Middle Section.   October 28, 1939.

Petition for Certiorari denied by Supreme Court, February 3, 1940.

596

Jesse Cantrell, of Watertown, and Wesley P. Flatt, of Cookeville, for plaintiff in error Mrs. Cooksey.

Worth Bryant, of Cookeville, for defendant in error executor.

CROWNOVER, J.   This is a suit to recover for services performed on a quantum meruit basis, the agreement being silent as to compensation.

The case was tried on oral evidence, but no bill of exceptions was filed in this Court; only the technical record was filed.

The suit was instituted against W. M. Shanks, as executor of the will of Martha J. Shores, deceased, and as executor of the will of Mollis E. Shanks, deceased.

It was averred in the plaintiff's declaration ''that during the last illnesses of Martha J. Shores and Mollie E. Shanks, *she was employed by each of them to care for them in their illnesses''*; that she nursed

and cared for both of them, both being ill at the same time, until the deaths of both of them; that she nursed them for a period of twenty-five days; and that the fair and reasonable value of her services was $6 a day.

The declaration was amended to aver that her services were reasonably worth $6 a day upon a quantum meruit basis.

The defendant demurred to the declaration on the following grounds:

(1) The declaration does not aver whether the contract for services was oral or in writing.

(2) It does not aver whether the price to be paid for services was agreed upon by the parties.

(3) There are two causes of action averred in the same count of the declaration which are separate and distinct causes of action and should not be joined in the same suit.

(4) There is no fact averred in the declaration that would constitute liability against the defendant, W. M. Shanks.

The Court overruled the demurrer on all grounds except the fourth, but sustained the same as against W. M. Shanks, individually.

Thereupon the defendant filed pleas of non assumpsit and nil debet.

The case was tried by the judge and a jury, and resulted in a verdict for $40 in favor of the plaintiff and against the defendant executor, and judgment was entered.

The defendant's motions for a new trial and in arrest of judgment were overruled, to which he excepted and appealed in error to this court and has assigned errors as follows:

(1) The Court erred in overruling defendant's demurrer.

(2) The Court erred in overruling defendant's motion in arrest of judgment.

■ 1. The first ground of the defendant's demurrer was not well made and the Court was not in error in overruling it. It is not necessary that it should be averred in the declaration whether the contract sued on is oral or written, for that may be shown in the evidence. It is sufficient to aver that the promise, agreement, or contract was made. Carroway v. Anderson, 20 Tenn., (1 Humph.), 61; Townsend v. Sharp, 2 Tenn., (2 Overt.), 192; 5 Williams' Code of Tennessee, p. 379, note 6 under sec. 7831; 13 C. J., 720, sec. 834; 4 Ency. of Plead. & Pract. 922.

■ Of course, if it were averred that the contract was oral, and the evidence showed that it was written, the variance between the pleading and proof would be fatal to a recovery.

■ It must be presumed that the evidence supported the declaration, as no bill of exceptions was preserved.

■ 2. It is not necessary that it should be averred in the declaration whether the compensation was agreed upon.

Where there is no express agreement as to the amount of compen-

sation to be paid for services, the person performing them is entitled to recover what they are reasonably worth. 71 C. J., 161, sec. 134.

■ Where there is an express contract fixing compensation, the contract price does not necessarily control the amount recoverable, which is the reasonable value thereof, although the contract is evidence to be considered, with other evidence, as a guide in arriving at the reasonable value or quantum meruit. 71 C. J., 164, sec. 138.

■ It was insisted for the defendant that the amendment to the plaintiff's declaration seeking recovery on a quantum meruit basis changes her cause of action from one on contract to one of implied assumpsit. We cannot assent to this proposition. The original cause of action is based on a contract of employment in which no compensation was fixed, and seeks to recover the reasonable value of the services rendered. The amendment seeking a recovery on a quantum meruit basis asks for the same thing.

■ Where no rate or amount of compensation is fixed by an existing express contract for work, recovery may be had as on a quantum meruit or quantum valebat. 71 C. J. 83, sec. 44.

"Where work is done under an express contract which does not fix the compensation therefor, the person performing the work without doubt is entitled to recover on a quantum meruit whatever the work is worth." 28 R. C. L., 695, sec. 32.

■ 3. The plaintiff averred in her declaration that she *was employed by each of the deceased to care for them in their illnesses,* both of them being ill at the same time. She was employed by both of them and rendered the same services for each of them, she was therefore entitled to maintain a joint action against their estates.

The defense was the same in both cases, therefore a severance was not necessary or proper. Tennessee Procedure by Higgins & Crownover, secs. 845, 846.

■ In the absence of a bill of exceptions we must presume that there was evidence to support the verdict. Tennessee Procedure by Higgins & Crownover, sec. 1887.

■ The declaration had sufficient averments of joint liability. The decedents received the benefits of the plaintiff's services and their estates are liable.

The grounds of the demurrer having been overruled it follows that the assignment of error on the motion in arrest of judgment must also be overruled as the declaration states a cause of action.

All assignments of errors are overruled and the judgment is affirmed. A judgment for forty dollars with interest from March 31, 1939, to the present, together with all costs will be entered in this Court in favor of Mrs. Cooksey and against both estates and the surety on the defendant in error's appeal bond.

Faw, P. J., and Felts, J., concur.