# WALKER v. PARTIN.—227 S. W. (2d) 788.

Eastern Section.   August 22, 1949.

Petition for Certiorari denied by Supreme Court, February 10, 1950.

Fisher and Davis, of Clinton, and Ely & Ely and O. L. White, of Knoxville, for appellant.

Jennings, O'Neil & Jarvis, of Knoxville, for appellee.

McAMIS, J. This case came to this Court on appeal. Appellee moved to affirm because the case was heard by the Chancellor on oral evidence and no bill of exceptions was ever filed. In an effort to obviate the effect of this motion the record has now been presented for writ of error.

■■ Code, Section 10622, expressly provides that in cases "taken by appeal or otherwise to the court of appeals" the hearing on appeal shall be de novo and that the transcript in cases tried "upon oral testimony must contain a . . . bill of exceptions." This Section applies to chancery cases and operates to deprive appellant of a review of the facts in the absence of a bill of exceptions. Fonville v. Gregory, 162 Tenn. 294, 36 S. W. (2d) 900. The agreement, contained in the record, to

try the case as a chancery cause did not dispense with the necessity of preserving the evidence by bill of exceptions. Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854. Nor was there anything in such agreement to mislead appellant and thus cause him to refrain from preserving the evidence. Such agreements are commonplace and have a well understood significance and meaning.

The filing of the record for writ of error can avail appellant nothing. We so held in the case of Mrs. Leona Pauline Rust v. Mrs. Elizabeth Hall Patton, Knox Law, in which certiorari was denied by the Supreme Court January 11, 1947 (Unpublished), where it was said:

"The fact that the record is filed for writ of error does not extend the time for having a bill of exceptions authenticated and filed. Before the statutes authorizing the filing of a bill of exceptions after adjournment of court it was the rule that a bill of exceptions could only be approved during the trial term. There is nothing in any of these statutes giving a longer time in event the case comes up on writ of error instead of by appeal or appeal in error and it is obvious that a bill of exceptions in such cases, must be authenticated and filed within the statutory period."

We are asked to apply Code Section 9054 authorizing the court on appeal to remand cases in which complete justice cannot be done by reason of some defect in the record due to oversight without culpable negligence. This statute must be construed pari materia with the statutory provisions for preserving bills of exceptions and limiting the time for having them authenticated and filed as a part of the record. To remand cases in which bills of exceptions have not been filed or not filed in time would defeat the whole purpose of the Legislature

in limiting the time and, in our opinion, would introduce an unsound innovation in appellate practice. Since the evidence has not been preserved by a bill of exceptions timely filed it cannot be supplied except by having another trial and that would work an undue hardship not only upon the trial court but upon appellee.

The assignment calls for a review of the evidence and is not directed to any action appearing from the technical record and the motion to affirm must be sustained. Costs are taxed to appellant and surety on the appeal bond.

Hale and Howard, JJ., concur.