# LAWSON v. COOPER et al.—263 S. W. (2d) 763.

Eastern Section. June 23, 1953.

Petition for Certiorari denied by Supreme Court, December 11, 1953.

John S. Wrinkle, of Chattanooga, for appellants.

Robert L. Denman, of Chattanooga, for appellee.

HOWARD, J.   Complainant herein, William W. Lawson, filed this suit against James H. Cooper and Jesse M. Hargraves, to recover the proceeds of $11,300 in Series "E" Bonds, and also to recover some cash.   The original bill was dismissed as to Hargraves.   The defendant Cooper filed a demurrer to the bill, which was overruled, but he was allowed to rely on same in his answer.

Answering the bill on May 18, 1951, Cooper admitted an indebtedness to the complainant in the sum of $270.31, and paid this amount into the office of the Clerk and Master.

Thus there was a sharp dispute in the pleadings over the amount sued for by the complainant and the amount which the defendant admitted he owed.   No bill of exceptions has been filed in this Court.

It appears from portions of the transcript designated by the parties, that before the proof was completed the Chancellor, on his own motion, ordered a jury empaneled in an advisory capacity to hear and decide the issues of fact presented.   This was done over the strenuous objections of the defendant.

On the trial of the case the jury decided the issues in favor of the complainant, and a decree was accordingly entered against the defendant for $6,201.93 and the costs of the cause.   From this decree the defendant has appealed and three errors have been assigned complaining in substance that the Chancellor erred in empaneling a jury in the way and manner heretofore described.

It is well settled in this state that a Chancellor before the regular hearing may, upon his own motion, em-

panel a jury to hear and try issues of fact. In Gibson's Suits in Chancery, 4th Ed., it says:

"From time immemorial Chancellors have claimed and exercised the right to call a jury to his aid of his own motion whenever he is concerned about the disputed issues of fact. This power so to do is not now questioned. It is to be exerted by the Chancellor at his discretion as to submission of issues and formulation of them and the method of trial. Nor is there room for doubt that a Chancellor may take the advice of the jury as to any material issue of fact, determinative or incidental.

\*   \*   \*   \*   \*   \*

"*The Chancellor may impanel a jury before entering upon a regular hearing, or he may do so at the hearing or in the midst or at its conclusion.* It is his province to formulate the issues to be submitted and to prescribe the way in which the jury hearing is to be conducted. He may direct the readings of the depositions without any oral testimony, or he may confine the trial to oral evidence only, or he may admit both species of testimony.

"While this method of determining issues rests wholly within the keeping of the Chancellor and is to be treated as mero motu, a solicitor is well within his rights to suggest at any stage of the hearing that a jury be impanelled to pass upon or decide certain matters of fact.

"The Chancellor is in a way or sense bound to accept and act upon the verdict of a jury to whom he has of his own motion submitted some matters of fact. The opinion of the jurors is wholly advisory. He may reject it entirely or he may adopt it in toto; or

he may abide the conclusions of the jury as to some points and disregard it as to others and find the facts for himself. It is for the Chancellor to determine to what extent he will make use of the verdict in forming his decree." Sec. 554A, pp. 417, 472. (Emphasis supplied.)

The witnesses in a jury trial in the Chancery Court are heard orally and the trial is conducted in the same manner as in the Circuit Court. Code Sec. 10575; Gibson's Suits in Chancery, Sec. 538, p. 452, Sec. 551, p. 467.

Finally, in the absence of a bill of exceptions, it must be conclusively presumed that the evidence supported the decree. Wilson v. Hafley, 189 Tenn. 598, 226 S. W. (2d) 308; Cooksey v. Shanks, 23 Tenn. App. 595, 136 S. W. (2d) 57; Minton v. Wilkerson, 133 Tenn. 484, 182 S. W. 238.

Affirmed at appellant's costs.

McAmis, P. J., and Hale, J., concur.