ROBERT T. TUCKER, JR. and MRS. ROBERT T. TUCKER, JR., Appellees, v. MRS. MARY ALICE HUNDLEY, Appellant. —452 S.W.2d 658.

Western Section. December 2, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

Waldrop, Hall & Tomlin, Jackson, for appellant.

John Van den Bosch, Jr., and James F. Butler, Jackson, for appellees.

MATHERNE, J. The defendant Hundley by Writ of Error challenges that portion of a decree of the Chancellor which awards $1,055.00 damages to the complainants Tucker due to breach of a contract to sell realty.

The issues were heard by the Chancellor on oral testimony, sitting without a jury. The defendant admits the Bill of Exceptions was not filed within the time allowed by law, and for this reason an appeal to this Court could not be perfected.

■ The defendant now attempts to obtain a review by Writ of Error. The defendant argues that to require the Bill of Exceptions to be perfected and filed within the time provided by T.C.A. sec. 27-111 renders meaningless the provision of T.C.A. secs. 27-604 and 27-605 which permit an application for writ of error to the clerk of this Court within one year and an application for the writ to a judge of this Court within two years.

The insistence of the defendant is not sound according to the holding in Walker v. Partin (1949), 32 Tenn.App. 683, 227 S.W.2d 778, wherein Judge, now Presiding Judge McAmis, speaking for the Court held the procedure of applying for a writ of error in order to overcome the effect of failure to preserve a bill of exceptions on appeal is of no avail to the appellant. The Court in that case quoted from the unpublished opinion in the case of Rust v. Patton, Court of Appeals, Eastern Section, as follows:

"The fact that the record is filed for writ or error does not extend the time for having a bill of exceptions authenticated and filed. Before the statute authorizing the filing of a bill of exceptions after adjournment of court it was the rule that a bill of exceptions could only be approved during the trial term. There is nothing in any of these statutes giving a longer time in event the case comes up on writ of error instead of by appeal or appeal in error and it is obvious that a bill

of exceptions in such cases, must be authenticated and filed within the statutory period.''

The only way a proper bill of exceptions could at this time be presented to the Court would be to remand for a new trial, which procedure was also reviewed in the *Walker* case, supra, when the Court stated:

"To remand cases in which bills of exceptions have not been filed or not filed in time would defeat the whole purpose of the Legislature in limiting the time, and in our opinion, would introduce an unsound innovation in appellate practice. Since the evidence has not been preserved by a bill of exceptions timely filed it cannot be supplied except by having another trial and that would work an undue hardship not only upon the trial court but upon the appellee.''

This Court followed the foregoing reasoning and excluded a bill of exceptions upon Writ of Error in the unreported case of Mayor and Aldermen of Town of Camden v. Aetna Casualty and Surety Company, et al., Court of Appeals, Western Section, opinion filed March 20, 1969.

We therefore hold the Bill of Exceptions not having been filed within the time allowed by law cannot be considered by this Court on review by Writ of Error.

The defendant insists she is entitled to a review on the technical record and the relief sought by the Writ of Error can thereby be granted in the absence of a bill of exceptions.

This controversy arose out of two contracts to sell three town lots. The complainant purchasers deposited with the defendant at the time of contract $500.00 per

lot earnest money. The parties were dealing with a preliminary plat of the subdivision at that time and later the final plat of the subdivision changed the lot lines so as to make the lots smaller and reduced the front footage of each lot. The original Bill sought specific performance of the contract and a conveyance to complainants of the three lots as described on the preliminary plat and in the contract.

The defendant answered that the parties understood the contract was on a preliminary plat subject to change, and the change in the plat was the act of various governmental authorities over which defendant had no control. By an amended answer the defendant alleged as a new fact that lots adjacent to the lots in question had now been sold by the defendant so that it was now impossible for the defendant to perform according to the contract. In the amended answer the defendant offered to refund the $1500.00 earnest money deposited by the complainants.

On May 31, 1968 the Chancellor entered the following decree:

"This cause came on to be heard on this the 15th day of May, 1968, before the Honorable Brooks McLemore, Chancellor, upon the Original Bill, the Answer thereto as amended, and oral proof on behalf of Complainants, at the conclusion of which Defendant moved for a dismissal of the suit upon the ground that Complainants had failed to establish by any proof the right to have Defendant specifically perform the contracts as prayed by Complainants, the only relief sought in this Bill. Upon consideration of which the Court is of the opinion that said motion is good and should be and the

same is hereby sustained, and the action of Complainants for specific performance of the contracts between Complainants, Robert T. Tucker and wife, Mrs. Robert T. Tucker, and Defendant, Mary Alice Hundley, sued upon in this cause, is hereby dismissed. To said rulings of the Court, Complainants except.

Upon motion of Complainants, the case is remanded so as to allow Complainants to present such proof as they may desire pertaining to the issue of damages, if any there be, growing out of the alleged breach.''

After the hearing on damages the Chancellor entered a decree in the cause dated September 19, 1968 wherein the recitation portion of the decree referred to what had transpired, and in referring back to the May 31, 1968 decree, the Chancellor stated:

''* * * And, it appearing to the Court from the proof presented that the Complainants were not entitled to specific performance, and it further appearing to the Court from the proof that *specific performance of the contracts sued on was impossible,* it was by the Court ordered, adjudged and decreed that said motion of the Defendant should be sustained, and the suit for specific performance of said contracts be and the same was thereby dismissed, to which action Complainants excepted.'' (Emphasis supplied).

It is to be noted the decree of May 31, 1968 did not hold specific performance of the contract sued on was impossible as recited in the above decree. The decree of September 19, 1968 further provided:

''The cause then came on to be heard upon proof with respect to damages claimed to have been suffered by

Complainants by reason of the alleged breaches of contracts by Defendant, and upon consideration of all the proof of Complainants the Court finds for Complainants upon said issue, and fixes their damages at the sum of One Thousand Fifty-five ($1,055.00) Dollars, to which action the Defendant excepted.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by the Court that the Bill of Complainants in so far as same seeks specific performance of the contracts sued upon is hereby dismissed, and Defendant will retain title to said lots of real estate. Defendant will repay to Complainants the sum of Fifteen Hundred ($1,500.00) Dollars which was deposited by Complainants with her when the contracts were executed. Complainants will likewise have and recover of Defendant the sum of $1,055.00 as damages, for which execution may issue.''

The defendant insists it appears on the face of the technical record the suit for specific performance was denied because of impossibility of performance, yet the defendant was forced to pay damage when it was impossible for her to perform.

In the first place it is doubtful the technical record shows on its face that specific performance was denied due to impossibility of performance. The provision of the decree of May 31, 1968 would be of greater weight than would the erroneous recitation of what that decree contained as entered by decree on September 19, 1968.

But, if we concede the impossibility of performance was the ground for denial of specific performance we cannot say but what the Chancellor found from the evidence the defendant brought about the impossibility after

the contract was executed, and after this suit was filed. The allegations of the amended answer indicate this to be the case wherein it is indicated the lots adjacent to those in controversy had then been sold at a time subsequent to the date the original Answer was filed.

Impossibility of performance caused by the promisor or by those in privity with him, or by developments which he could have prevented or avoided or remedied by appropriate corrective measures, does not exclude him from liability for his nonperformance of the contract. 17 Am.Jur.2d Impossibility of Performance, sec. 407, p. 856.

The technical record fails to show whether this impossibility of performance was or was not at the instance of the defendant. We can only assume that if the Chancellor denied specific performance because of impossibility of performance there must have been evidence before him which would sustain a finding that the impossibility of performance was at the instance of the defendant and therefore the complainant would be entitled to damages.

The technical record does not sustain the position of the defendant in this Court. It is only by considering the evidence could we justify a reversal. There being no bill of exceptions preserving this oral testimony we have to assume that the decree below is based on valid evidence duly presented to the Chancellor. Wilson v. Hafley (1949) 189 Tenn. 598, 226 S.W.2d 308; Minton v. Wilkerson (1915) 133 Tenn. 484, 182 S.W. 238; Lawson v. Cooper (1953) 37 Tenn.App. 339, 263 S.W.2d 763.

It results the Writ of Error is denied and the decree of the Chancellor is affirmed. Cost of this review is ad-

judged against the defendant, cost below to be as there adjudged.

Carney, P.J.(W.S.), and Taylor, J., concur.

Taylor, J., (concurring).

Upon the authorities set forth in his opinion I concur with Judge Matherne. However, I think it should be emphasized that we are denying appellant the right of review without a hearing upon the merits which was the purpose of her petition for the writ of error.

As I pointed out in my concurring opinion in Mayor and Aldermen of Town of Camden v. Aetna Casualty and Surety Company, et al. (unreported), Section 1345 of Gibson's Suits In Chancery (Fifth Edition) it is reiterated that the writ of error may be obtained within two (2) years after the entry of the final decree in the trial court. In Section 1342 the authors set forth the purposes of the writ of error and include among them the exact situation which we have before us.

While this court has passed upon this question in the case of Walker v. Partin, 32 Tenn.App. 683, 227 S.W.2d 778, our Supreme Court has never construed Section 27-111 T.C.A. as applying to a petition for a writ of error. The lawyers of this state are either being misguided by Section 1342 of Gibson's Suits In Chancery, or many of their clients are suffering because we have misinterpreted the application of Section 27-111 T.C.A. It is a rare occasion when this court (Western Section) convenes without having this identical situation arise. From our experience while sitting in the Eastern Section we noted that the lawyers there were likewise confused.