# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 5, 2002 Session

## NATIONS RENT OF TENNESSEE, INC. v. MEL LANGE, ET AL.
## FORKLIFTS UNLIMITED, LLC, ET AL. v. DAVID Q. WRIGHT, ET AL.
## SOUTHERN WOOD TREATMENT CO., INC. v.
## DAVID Q. WRIGHT, ET AL.

### Appeal from the Chancery Court for Rutherford County
### No. 99CV-954, No. 99CV-1066, No. 99MI-563    Robert E. Corlew, III, Chancellor

-----

### No. M2001-02368-COA-R3-CV
### No. M2001-02360-COA-R3-CV - Filed November 6, 2002
### No. M2001-02366-COA-R3-CV

-----

Vendors of rental equipment filed suit to collect unpaid invoices from the landowner after the contractor abandoned the job. The trial court granted recovery based upon the Mechanics' and Materialmen's Lien Statute and quantum meruit. We reverse for insufficient proof on the correct measure of damages.

**Tenn. R. App. P. 3 as of Right; Judgment of the Chancery Court Reversed and Remanded**

ELLEN HOBBS LYLE, Sp.J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John T. Blankenship, Murfreesboro, Tennessee, for the appellants, David Q. Wright and RLI Insurance Company.

Ewing Sellers, Murfreesboro, Tennessee, for the appellee, Nations Rent of Tennessee, Inc.

Robert P. Gritton, Murfreesboro, Tennessee, for the appellees, Forklifts Unlimited LLC and Forklifts Unlimited, Inc.

### OPINION

This litigation arises out of unpaid invoices for rental equipment used to erect a horse barn, arena and office. The contractor who rented the equipment abandoned the job. The vendors of the rental equipment sued the landowner. The trial judge awarded recovery to both vendors, and the landowner appealed.

The issues for this Court to determine are whether the proof supports an award of damages to one vendor in quantum meruit and an award under the Mechanics' and Materialmen's Lien Statute to the other vendor. We conclude that the proof as to each claim fails to establish the correct measure of damages, that being the fair rental value of the equipment, and therefore we reverse the trial court.

The landowner, David Wright, entered into a contract on September 18, 1998, with Mel Lange, a contractor doing business as American Steelwood Buildings, to construct a horse riding arena and training facility. The contract price was $203,200.00.

Around December 18, 1998, after the landowner had paid a substantial portion of the contract price, the contractor abandoned the job. The landowner took over completion of the project and incurred costs greatly in excess of the contract price.

Around the time that the contractor left, the landowner discovered equipment on the job which the contractor had rented. There was a forklift and two scissor lifts provided by Forklifts Unlimited, Inc. There was a forklift, generator, rebar cutter, 24 foot aluminum extension ladder, and a post hole auger on the jobsite rented from Nations Rent. On January 11, 1999, the landowner contacted FUI and Nations Rent, and they removed the equipment. The vendors demanded payment from the landowner for unpaid rental fees incurred by the contractor. The landowner, who was not a party to the rental agreements and who had paid a substantial portion of the contract price to the contractor, refused to pay. Suit was commenced by the vendors against the contractor for breach of contract and against the landowner for recovery under the lien statute and quantum meruit.

Default judgments were entered against the contractor. After a trial, the chancellor awarded recovery to FUI in quantum meruit in the amount of $8,277.42, concluding that this amount constituted the reasonable rental value of the rental for the equipment, and $1,457.29 for repairs to the equipment which the chancellor concluded constituted the reasonable value of services rendered by FUI. The other rental vendor, Nations Rent, was awarded recovery of $11,550.58 under the Mechanics' and Materialmen's Liens Statute, Tennessee Code Annotated sections 66-11-101, *et seq.*

The appellants have raised numerous issues regarding FUI's recovery in quantum meruit. Because we conclude that the proof of quantum meruit damages is insufficient and that conclusion is determinative of the appeal, we address only that issue.

In support of their claim to recover in quantum meruit, FUI presented the testimony of Mr. Caragan, the owner of FUI, as well as invoices prepared on the rental of the equipment, and the rental contract. Based on the provisions of the rental contract, the rental dates and rates contained on the invoices, and a bill from a third-party vendor from whom FUI had subleased two pieces of equipment, Mr. Caragan testified that the rental price provided for in the contract represented the fair rental value of the equipment. Additionally, in response to a question from the trial judge about the out of pocket expense FUI had to the third-party vendor, Mr. Caragan guessed that he paid "probably" about ten or fifteen percent less the total, maximum of a fifteen percent mark-up.

Quantum meruit is a separate and distinguishable cause of action from breach of contract. Quantum meruit actions are equitable substitutes for contract claims. *Castelli v. Lien,* 910 S.W.2d 420, 427 (Tenn. App. 1995). Unlike a contract claim where there are express payment and price terms, quantum meruit is based on a legally implied promise to pay. *Id.* Accordingly, quantum meruit recoveries are limited to the actual value of the goods or services and are not calculated based on contract price. *Id.* (citing *Lawler v. Zapletal,* 679 S.W.2d 950, 955 (Tenn. Ct. App. 1984); *Warren Bros. Co. v. Metropolitan Gov't of Nashville and Davidson County,* 540 S.W.2d 243, 247 (Tenn. Ct. App. 1976); *Cooksey v. Shanks,* 23 Tenn. App. 595, 598, 136 S.W.2d 57, 58-59 (1939)).

The reasonable value of goods and services may be proven in several ways. The party seeking to recover in quantum meruit can explain the method used to arrive at a base fee and markup. *See id.* at 428. Additionally, proof as to reasonable value can be obtained from other professionals or experienced workers in that field. *See id.*; *Lawler,* 679 S.W.2d at 955. But where there is no proof in the record of the cost of providing the services or whether money was made or lost and only the contract unit price is provided the proof is not sufficient to base an award in quantum meruit. *See Warren Bros.,* 540 S.W.2d at 247.

We conclude that FUI's proof of damages is akin to that provided in *Warren Bros.* There is no explanation of profit or loss, no explanation of how the rental rates were derived, and no testimony of the customs, practices and prices prevailing in the rental equipment business. The testimony as to the value of the equipment subleased from a third-party vendor was vague and speculative. FUI's proof of reasonable rental value was the contract price. In that recovery in quantum meruit cannot be based upon the contract price, we reverse the award of the trial court. There is insufficient proof of the reasonable rental value of the equipment on which to base or calculate an award in quantum meruit.

Much like recovery in quantum meruit, the lien statute, on which the claim filed by Nations Rent is based, limits recovery to the "reasonable rental value" of the equipment. TENN. CODE ANN. § 66-11-101(5) (1993). The statute adds the further restriction that recovery of reasonable rental value is limited to "the period of actual use." *Id.* Also, the statute makes clear that use is "not determinable by the contract for rental unless the owner is a party thereto." *Id.* Finally, the statute excludes recovery for tools.

The proof of the rental value of the Nations Rent equipment came from the deposition testimony of Ted Petty, a consultant of Nations Rent. The sole fact testified to by Mr. Petty concerning rental value was that the contract rate was the "best" because it was based on a monthly rental rate. There was also documentary proof consisting of a notice of nonpayment which demanded payment based upon the rental contract amount, and the notice of lien, based as well upon the terms of the rental contract. The proof of reasonable rental value, therefore, was based on and derived from the rental contract.

As quoted above, section 66-11-101(5) provides that reasonable rental value is not determinable by the contract. In that the proof of value in this case was derived solely from the

contract, we reverse the award by trial judge. There is insufficient proof of a reasonable rental value of the equipment on which to base or calculate an award under the lien statute.

Finally, the appellants seek, in addition to reversal of the awards to the vendors, that the case be remanded "so that the trial court can ascertain, assess, and award . . . damages in defending these lawsuits brought by Appellees in prosecuting the wrongful attachments of his real property." While reversal by this Court makes a claim of wrongful attachment possible, this Court's reversal is not a determination or finding of wrongful attachment. The appellants are required on remand, should they seek such recovery, to demonstrate the essential elements of a wrongful attachment claim. Our conclusion that there was insufficient evidence of proof of value under the lien statutes and in quantum meruit does not necessarily mean that the appellants are entitled to recover for wrongful attachment.

We therefore reverse the awards of recovery to the vendors and remand this matter to the trial court. Costs of this appeal are taxed equally to appellees FUI and Nations Rent.

_____
ELLEN HOBBS LYLE, SPECIAL JUDGE